# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Torry Jordan,　　　　　　　　　　Case No. C-1-06-73

　　Plaintiff

vs

Hamilton County Justice Center,　　**REPORT AND**
et al.,　　　　　　　　　　　　　　**RECOMMENDATION**
　　Defendants　　　　　　　　　　(Beckwith, J.; Hogan, M.J.)

　　This matter is before the Court on Defendants Eshman, Bolt, McElroy, Robinson, and Nared's Motion for Summary Judgment (Doc. 17), Plaintiff's Motion in Opposition to Defendants Motion for Summary Judgment (Doc. 20), and Defendants' Reply thereto (Doc. 22).

　　Plaintiff's complaint alleges that on August 8, 2004, while he was an inmate at the Hamilton County Justice Center (HCJC), he was beaten without provocation by HCJC Deputies Eshman, Bolt, McElroy, Robinson and Nared. Plaintiff states he sustained facial fractures, loss of blood, headaches, and nasal problems as a result of the beating. He seeks monetary and injunctive relief.

　　Plaintiff's complaint, liberally construed, alleges a claim for excessive force under the Eighth Amendment against Defendants Eshman, Bolt, McElroy, Robinson and Nared. *Hudson v. McMillian*, 501 U.S. 1, 7 (1992).

　　On March 27, 2006, this Court sua sponte determined that Plaintiff's claims against the Hamilton County Justice Center and several supervisors should be dismissed. (*See* Doc. 6). The remaining Defendants concede that, as Plaintiff has presented an affidavit disputing the facts set out in the Defendants' affidavits, a genuine question of material fact exists with respect to the alleged assault upon Plaintiff in his cell on August 8, 2004. As such, Defendants concede that summary judgment is inappropriate with respect to the events occurring on August

8, 2004. However, Defendants contend that an issue remains as to whether Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA).

Recently, the Supreme Court in *Jones*, has concluded that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). However, while failure to exhaust is now considered an affirmative defense, it remains undisputed that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Moreover, the Sixth Circuit's holding in *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), that Plaintiff may not amend his current complaint to allege exhaustion, remains valid.

On August 11, 1004, Plaintiff filed a grievance with the Hamilton County Sheriff's Office Corrections Division alleging that he was assaulted by HCJC Deputies Eshman, Bolt, McElroy, Robinson and Nared. (Eiser Aff. ¶ 4, Exhibit C).[1] The grievance was investigated by Lieutenant York who stated that he was unable to conduct an interview because Inmate Jordan was uncooperative. (Eiser Aff. ¶ 7, Exhibit C). Inmate Jordan was provided with a copy of the grievance response form on August 29, 2004. (Eiser Aff. ¶ 6). According to Defendants, Plaintiff did not file any appeals after receipt of the grievance response form. (Eiser Aff. ¶ 8,9). Sheriff Leis subsequently requested Internal Affairs conduct an investigation on August 18, 2004. (Tudor Aff. ¶ 4). An internal affairs investigation request is not part of the administrative grievance procedure 2 adopted under pursuant to General Order No. 810. (Tudor ¶ 3). It is instead a separate procedure of the Hamilton County Sheriff's Office. (Tudor Aff. ¶ 3).

The HCJC administrative grievance procedure provides a three part process for resolving complaints and identifying possibly problematic management areas. (Eiser ¶ 3, Exhibit A). First, "[a] grievance may be initiated for an alleged violation of civil, Constitutional, or statutory right or of policy; an alleged criminal

---

[1] Defendants misidentified Exhibit B as the Grievance which was filed by Plaintiff on August 11, 2004. In fact, Exhibit B represents a separate grievance form which Plaintiff filed on August 16, 2004. It is Exhibit C which reflects the filing of Plaintiff's grievance with respect to the alleged assault on August 11, 2004. (*See* Eiser Aff., Ex. C).

2

or prohibited act by a staff member; to resolve a condition existing within the Jail that creates unsafe or unsanitary living conditions; or to appeal a decision of a Disciplinary Hearing Officer." Second, "[i]n the event a grievance cannot be resolved to the inmate's satisfaction by action at the department-head level within seven days, the inmate may file an appeal to the Operations Commander. The inmate must file the appeal within 10 days of receipt of the response. *If the time limit expires without a reply, this shall be determined as a denial of the request.*" Third, "[i]nmates who are dissatisfied with the resolution of a grievance by the Operations Commander will have five working days after receipt of the notice of decision to appeal to the Director of Corrections." (Id.).

Defendants contend that Plaintiff failed to exhaust his administrative remedies because he did not file an appeal of the initial grievance to the Operations Commander. Plaintiff argues that, following the filing of his grievance, no receipt was returned to him for his records. Plaintiff further claims that, after he was visited by Lt. York, he was not provided an appeal form with which to appeal Lt. York's resolution of his grievance. Plaintiff claims that he therefore attempted to file his appeal through the use of HCJC's "kite" procedure. Plaintiff then states that, when he received no response from his "kite," he filed "three additional grievances pertaining to three different subjects." (Doc. 20, Exs. 1, 2, 3). Plaintiff claims that his appeal to the Operations Commander and his grievances were ignored by the staff of HCJC. For this reason, Plaintiff filed the within action.

It is unclear whether Plaintiff attempted to appeal his grievance to the Operations Commander. Defendants contend that no record exists with respect to an appeal. Plaintiff has submitted three grievance forms allegedly submitted on August 16, 2004. However, pursuant to HCJC's grievance procedure, the final written formal resolution of an inmate's grievance will be given to the offender within thirty days of receipt. (Eiser Aff., Ex. A, §810.02(3)(C)).[2] Plaintiff's three grievances, therefore, would be premature appeals were they to be construed as such.

Even accepting as true Plaintiff's statement that he filed an appeal to the

---

[2] HCJC's procedure also provides that the department head "may seek to remedy the grievance within five days through an informal resolution . . . ." (Doc. 17, Eiser Aff., Ex. A. §810.02(3)(C)).

3

Operations Commander via "kite," Plaintiff has nevertheless failed to meet his burden of proof showing he exhausted the prison grievance procedure prior to filing this lawsuit. Plaintiff alleges he never received a response to his appeal from the Operations Commander. After ten working days, Plaintiff was then entitled to file an appeal with the Director of Corrections. (Eiser Aff, Ex. A, §810.03(3)- (5)). Plaintiff neither alleges nor shows he filed an appeal with the Director of Corrections. For this reason, we find that Plaintiff has failed to show he exhausted his administrative remedies prior to bringing this lawsuit. Accordingly, his Complaint should be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants Motion for Summary Judgment (Doc. 17) be GRANTED.

2) Plaintiff's Complaint be DISMISSED without prejudice for failure to exhaust his administrative remedies.

3) This case be TERMINATED on the Court's Docket

Date 11/8/07

Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\prisoner1983\Jordan\Jordan msj.wpd

5

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Torry Jordan A485188<br>Warren Corr. Inst.<br>PO Box 120<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 8537 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:06cv73 Doc. 24